UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GOTTFRIED HINZE BESELER,

    Plaintiff,

v.    Case No. 2:11-cv-315
    HON. TIMOTHY P. GREELEY

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## OPINION

    Gottfriend Hinze Beseler filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(I) and 423, on January 16, 2009. He claims he became disabled on January 1, 2003, due to cervical degenerative disc disease with arthritic changes and Parkinson's disease. Plaintiff's claim for benefits was initially denied and he requested a hearing before an Administrative Law Judge (ALJ), which was held on March 19, 2010. Plaintiff appeared without counsel. Testifying at the hearing were Plaintiff and his wife, Renee Marie Beseler. On March 25, 2010, the ALJ issued a decision finding Plaintiff not disabled during the time period from Plaintiff's alleged onset date (January 1, 2003) through his date last insured (DLI) (September 30, 2007). *See* transcript of Administrative Hearing at page 21 (hereinafter Tr. at ___). The ALJ found that Plaintiff could perform jobs that existed in significant numbers in the national economy given Plaintiff's residual functional capacity (RFC) and therefore concluded Plaintiff was not under a "disability" under the Social Security Act (20 C.F.R. § 404.1520(g)) (Tr. at 21-22). The ALJ's decision became the agency's final decision when the Appeals Council denied Plaintiff's request for review. Plaintiff now seeks judicial review of the agency's final decision denying his request for disability benefits.

Plaintiff lives with his wife in Crystal Falls, Michigan. Tr. at 31. Their current source of income is his VA pension of $1,600 per month. Tr. at 32. This figure includes what his wife receives from the VA. Tr. at 32. Plaintiff has a tenth grade education and has a hard time reading (he can understand stories in the newspaper but cannot read things with "big long words"). Tr. at 33. Plaintiff served in the military in 1973 and 1974. Tr. at 34. He was a diesel mechanic in the navy. Tr. at 34. He has a driver's license but only drives "[o]nce in a great while." Tr. at 34. Plaintiff alleges he has not worked since 2001 or 2002, and his last job was in a sawmill. Tr. at 34. Before that, he worked as a welder, in construction, and in maintenance. Tr. at 35-36. Plaintiff alleges he stopped working because he was having pains in his back that hurt when he had to lift things. Tr. at 37. Plaintiff believes he had a lumbar fusion surgery in 1993 that allowed him to work for another five years before the pain returned. Tr. at 37. Plaintiff used a wheeled walker at the hearing. Tr. at 38.

Plaintiff testified that he was diagnosed with Parkinson's disease in May, 2008, because his hands shook and he shuffled his feet when walking. Tr. at 38. Plaintiff stated that he first started to notice these symptoms two or three months before he was diagnosed. Tr. at 44. The tremors in his hands make it difficult for Plaintiff to bathe, clean himself after using the restroom, cut meat, or drink out of a glass. Tr. at 40. He is able to feed himself but his wife has to help him with his personal needs. Tr. at 40. Plaintiff stated that he tries to help his wife with household cleaning. Tr. at 42. Plaintiff states he fishes for a hobby but cannot catch anything big and has a hard time throwing objects such as a ball. Tr. at 43. When Plaintiff's wife testified at the hearing, she stated that she met Plaintiff in September, 2008, and at that time he was experiencing Parkinson's symptoms. Tr. at 45. She also testified that Plaintiff is incontinent as a symptom of the Parkinson's and that he has to have an enema every day for constipation. Tr. at 46.

In the ALJ's decision dated March 25, 2010, the ALJ followed the five-step evaluation process under 20 C.F.R. 404.1520(a) and held that Plaintiff was not disabled. Tr. at 22. The ALJ concluded Plaintiff had not performed substantial gainful activity since his alleged onset date and that Plaintiff's severe impairments included cervical degenerative disc disease and arthritic changes. Tr. at 20. The ALJ determined that Plaintiff's impaired conditions did not meet the requirements of a listed section in Appendix 1 to Subpart P of Regulations No. 4. Tr. at 20. The ALJ then determined that Plaintiff could perform a wide range of light work that did not involve excessive twisting, especially at the neck. Tr. at 21. Plaintiff could not perform his past relevant work, but could perform other jobs that exist in significant numbers in the national economy. Tr. at 21. Therefore, the ALJ held that Plaintiff was not disabled during the time period from his alleged onset date through his date last insured. Tr. at 21-22.

Plaintiff filed an appeal on December 23, 2011, alleging that the ALJ's decision to deny social security benefits to Plaintiff was not supported by substantial evidence. Plaintiff maintained that the ALJ made the following errors:

> 1. The ALJ did not support his opinion that Plaintiff could perform a range of light work with substantial evidence.
>
> 2. That evidence submitted to the Appeals Council should have been considered by the Commissioner.

(Docket #11).

Plaintiff appeared at the hearing before the ALJ without representation, and then hired an attorney to file his appeal with the Appeals Council. In doing so, Plaintiff's counsel provided additional medical records which Plaintiff now seeks to add as new evidence. These records include:

> 1. A MRI performed on April 30, 2002 at the Veteran's Administration Clinic in Iron Mountain. His diagnosis was multi-level degenerative change with cord deformity at C3-4. Tr. at 370.

>2. An exam performed by Physician Assistant Jeffrey Beste on May 21, 2003, diagnosing Plaintiff with cervical disc disease at C4-5 with subjective radiculopathy, lumbar disc disease, and chronic ligamentous strains of cervical and lumber spines. Tr. at 355-358. This report also noted that Plaintiff could perform sedentary work, but not physical work. Tr. at 357.
>
>3. An October 30, 2009 neurosurgical consultation that reported Plaintiff's neck pain and stiffness in range of motion exercises.
>
>4. An exam performed by Dr. Nilan Schein on May 8, 2008 that diagnosed Plaintiff with Parkinson's disease and gait and balance problems, cervical myelopathy with weakness in the left arm, and mild peripheral neuropathy. Tr. 417-419.

These records are included in Exhibits 5F, 6F, and 7F of the Administrative Proceedings Transcript, and are labeled "Claimant-supplied evidence."

Defendant Commissioner of Social Security filed a response on January 30, 2012 (Docket #13), to which the Plaintiff filed a Reply Brief on February 10, 2012 (Docket #14). On June 26, 2012, this Court filed an Order Directing Filing of Supplemental Briefs (Docket #16) to address whether new evidence that Plaintiff was found totally disabled by the VA in 2003 should be considered. The Court directed the parties to two cases:

>*See King v. Commissioner of Social Security*, 779 F. Supp. 2d 721 (2011) (discussing the evidentiary value of VA disability determination in social security cases); and *Gillaspy v. Astrue*, 178 Soc. Sec. Rep. Serv. 418, Slip op (2012) (finding a sentence six remand was appropriate where VA documents confirming plaintiff was totally disabled were discovered by plaintiff's attorney following the hearing making them unavailable to the plaintiff at the proceeding before the ALJ and therefore were "new" documents).

Pursuant to 42 U.S.C. § 405(g), sentence four states:

>The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

Sentence six states in relevant part:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; . . .

The three requirements for a sentence six remand are: (1) that the evidence is new, (2) that the evidence is material, and (3) that good cause is shown why the evidence was not submitted to the ALJ. *Gillaspy*, 178 Soc. Sec. Rep. Serv. at *5. These requirements are fully explained in *Foster v. Halter*:

> [E]vidence is new only if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 626, 110 S. Ct. 2658, 110 L.E.2d 563 (1990). Such evidence is "material" only if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). A claimant shows "good cause" by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ. *Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (1984) (per curiam).

*Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). The Sixth Circuit has used a strict test for the "good cause" requirement in that "[t]he claimant must give a valid reason for failing to obtain relevant examinations prior to the hearing." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993).

Plaintiff requests that this Court remand this case to the Social Security Administration pursuant to sentence four or sentence six of 42 U.S.C. § 405(g). Defendant argues

the ALJ's decision is supported by substantial evidence and therefore requests that this Court affirm the ALJ's decision.

New evidence is that evidence which did not exist or was unavailable to the claimant at the time of the hearing. *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). Plaintiff argues the medical records are "new" in the sense that they were unavailable to Plaintiff at the time of the hearing. Plaintiff states that there has been no explanation as to why the VA Records submitted at his hearing were missing these documents. Plaintiff was unrepresented by counsel and argues that even to an experienced attorney, this omission may have gone unnoticed. Accordingly, Plaintiff argues it should not be held against Plaintiff that these files were missing. Once Plaintiff hired an attorney for an appeal, these missing reports were discovered and filed.

Defendant counters that this evidence is not "new" according to sentence six because these medical records were in existence at the time of the hearing and were available to Plaintiff. Plaintiff merely was unaware that they were not included in his request for the VA for documents. Furthermore, Defendant presents many letters on record sent to Plaintiff that clearly inform Plaintiff of his duty to gather and submit all evidence to support his claim. This includes a December 16, 2009 letter that included a compact disc of the exhibits the Agency had received and explained that Plaintiff needed to submit and update his medical records as soon as possible. Tr. at 160-161. Also, the March 1, 2010 Notice of Hearing letter informed Plaintiff to update his file and submit evidence as soon as possible, and that he could review his file on the day of his hearing. Tr. at 77. Defendant argues that this evidence is not "new" because the medical records were in existence at the time of the hearing and it was the Plaintiff's burden to submit them for the hearing.

In *Gillaspy v. Astrue*, the Court held that the plaintiff had met the requirements for a sentence six remand and that the evidence Gillaspy had submitted was "new" because "despite the

-6-

fact that both plaintiff's counsel and the Social Security Administration must have made a record request to the VA in order to obtain the records . . ., still more VA documents were discovered by plaintiff's attorney following the hearing, making them unavailable to plaintiff at the time of the proceeding before the ALJ." *Gillaspy*, 178 Soc. Sec. Rep. Serv. at *6. Similarly in the case at issue, Plaintiff's attorney discovered the missing documents from the VA after Plaintiff's hearing. Plaintiff appeared without counsel at the hearing and did not hire an attorney until after the hearing to file his appeal. Following *Gillaspy*, the evidence here would also appear to have been "unavailable" to Plaintiff at the time of the hearing. Thus, Plaintiff's argument that this evidence be considered by the Court meets the first requirement of a sentence six remand.

Evidence is "material" for a sentence six remand only if the Commissioner reasonably could have decided the disability claim differently with the new evidence. *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). Plaintiff argues the evidence indicates that Plaintiff was found totally disabled by the VA and is therefore material. Plaintiff argues that at the hearing, Plaintiff testified that he received VA Benefits ($1,600 per month) (Tr. at 32), but the ALJ did not even mention this in his opinion. Plaintiff believes this violates the *King* Court's determination that disability decisions by the VA, or other governmental agencies, should be taken into account by the ALJ. *King*, 779 F. Supp. 2d at 725. Plaintiff maintains that Exhibit 5F demonstrates that Plaintiff's request for VA benefits for home assistance was approved in 2009. Tr. at 342-344. On August 1, 2003, the VA determined that Plaintiff was "permanently and totally disabled for the purpose of" receiving a VA pension. Tr. at 353. Since these documents demonstrate that the VA considered Plaintiff totally disabled, Plaintiff argues that the ALJ's failure to address the VA determination in his opinion warrants a remand of the case.

Defendant agrees that the ALJ did not discuss the VA's determination of Plaintiff as disabled in his opinion, which was required by the Court in *King*. *King*, F. Supp. 2d at 725. Rather, Defendant argues that the record did contain treatment notes from the VA (Tr. at 173-337, 341-345), and therefore, the ALJ did properly develop the record and a remand is not appropriate. *Gillaspy*, 178 Soc. Sec. Rep. Serv. at *5.

In *King v. Commissioner of Social Sec.*, the ALJ did not give consideration to the evidence that the VA found King totally and permanently disabled, except to cite to 20 C.F.R. § 404.1504 that states that another agency's determination does not bind the Commissioner. *King*, 779 F. Supp. 2d at 725. The *King* Court found that the Sixth Circuit has determined that disability decisions of other agencies "should be taken into account," (*See Harris v. Heckler*, 756 F.2d 431, 434 (6th Cir. 1985)), but the Court has not determined the weight the Commissioner must give to the disability determinations of the VA. *Id.* The *King* Court decided that the best approach was that taken by the Fifth Circuit in *Chambliss v. Massanari* which stated "ALJs need not give 'great weight' to a VA disability determination if they adequately explain the valid reasons for doing so." *King*, F. Supp. 2d at 726, citing *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). Here, the ALJ did not explain a reason for not considering the disability determination of the VA. In fact, the ALJ did not even include the VA's determination in his opinion. No where in the opinion does the ALJ mention the fact that Plaintiff is receiving VA Benefits. According to *King*, the ALJ in this case did not perform his duty to give consideration to the VA's disability determination, nor explain why he did not give it any consideration. Therefore, the evidence of the VA's disability determination is material under the requirements for a sentence six remand.

A claimant must show good cause by "demonstrating a reasonable justification for the failure to acquire and present the evidence before the ALJ." *Foster v. Halter*, 279 F.3d 348, 357

(6th Cir. 2001). In the Sixth Circuit, this means "a valid reason for failing to obtain relevant examinations prior to the hearing." *Cotton*, 2 F.3d at 695. Plaintiff argues that appearing at his hearing without an attorney is "good cause" for failure to provide this missing evidence. Plaintiff only has a tenth grade education, never went back to school to get a GED, and has problems reading. Tr. at 33. Plaintiff argues that under 20 C.F.R. 404.1512, the ALJ and the Defendant have the duty to develop the medical history of this case (stating "[w]e will make every reasonable effort to help you get medical records from your own medical sources..."). 20 C.F.R. 404.1512(d)(2). Plaintiff argues this duty was not fulfilled, especially since Plaintiff had not yet obtained an attorney. Plaintiff argues that he was unaware of the importance of the evidence and that even to an experienced attorney the missing records could go unnoticed.

Defendant maintains that Plaintiff's argument does not meet the "good cause" requirement because Plaintiff admits that there is no explanation why the medical records were not submitted prior to the hearing. Defendant argues that it is Plaintiff's burden to provide medical records as evidence under 20 C.F.R. § 404.1512, which states:

> you have to prove to us that you are blind or disabled. Therefore, you must bring to our attention everything that shows that you are blind or disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairments.

20 C.F.R. § 404.1512(a). This statute also states:

> you must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled. You must provide evidence, without redaction, showing how your impairment(s) affects your functioning during the time you say that you are disabled, and any other information that we need to decide your claim.

20 C.F.R. § 404.1512(c). Defendant has drawn attention to many letters sent to Plaintiff that explain Plaintiff's responsibility in submitting these documents and updating his file. Defendant believes Plaintiff has not met the "harder line" "good cause test" used by the Sixth Circuit because Plaintiff was sent a compact disc with the medical records and was repeatedly told in letters to review and update his evidence. *Cotton*, 2 F.3d at 695. Defendant maintains that Plaintiff was well aware of his responsibility to check the medical records and therefore, has no "good cause" for a Section 405(g) sentence six remand.

In *Lashley v. Secretary of Health and Human Servs.*, the Court determined that the ALJ has a special or heightened duty to develop the record only under special circumstances: when a claimant is without counsel, when a claimant is incapable of presenting an effective case, and when a claimant is unfamiliar with hearing procedures. *Lashley v. Secretary of Health and Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983). Whether an ALJ has failed to fully develop the record is a decision made on a case-by-case basis. *Id.* at 1052. Plaintiff argues that the ALJ failed to fully develop the record, and should have given the fact that Plaintiff was not represented by counsel at the hearing. Plaintiff argues that he was incapable of presenting an effective case given his level of education and problems with reading. An unrepresented claimant cannot be expected to understand the importance of another agency's decision on the issue of disability. As the Commissioner's Supplemental Memorandum points out, "[t]he ALJ did not discuss the VA's finding that Plaintiff was disabled, as required in *King v. Commissioner of Social Security*." This case is indistinguishable from *King v. Commissioner of Social Security* and *Gillaspy v. Astrue* in all pertinent respects. Plaintiff was unrepresented and was not familiar with the hearing process. The record in this case was voluminous and apparently neither party knew it was incomplete. The ALJ had a duty to develop

-10-

the record in this case and the record should have included the VA disability determination. Therefore, Plaintiff has established "good cause" for the new evidence to be considered.

Accordingly, this case will be remanded pursuant to sentence six for further consideration.

                                                      /s/ Timothy P. Greeley
                                                    TIMOTHY P. GREELEY
                                                    UNITED STATES MAGISTRATE JUDGE

Dated: August 31, 2012